PEOPLE v BREWER

Docket No. 47087. Submitted September 3, 1980, at Grand Rapids.—
Decided October 24, 1980.

Larry Brewer was convicted of second-degree criminal sexual
conduct, Saginaw Circuit Court, Eugene Snow Huff, J. Defen-
dant appeals, alleging that the trial court erred in instructing
the jury that voluntary intoxication is not a defense to a charge
of second-degree criminal sexual conduct. *Held:*

Second-degree criminal sexual conduct is a crime which
requires only a general intent. Because voluntary intoxication
does not negate a general intent, it is not a defense to second-
degree criminal sexual conduct.

Affirmed.

1. Criminal Law — Intent — Intoxication — General Intent.
Generally, voluntary intoxication does not negate the general
intent necessary for the commission of certain crimes.

2. Criminal Law — Criminal Sexual Conduct — Intent — Intoxi-
cation.
Second-degree criminal sexual conduct is a crime which requires
only a general intent; therefore, voluntary intoxication is not a
defense to a charge of second-degree criminal sexual conduct.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert L. Kaczma-
rek,* Prosecuting Attorney, and *Linda Berns
Wright,* Appellate Prosecuting Attorney, for the
people.

*Kenneth W. Schmidt,* for defendant on appeal.

Before: MacKenzie, P.J., and Allen and D. F.
Walsh, JJ.

References for Points in Headnotes
[1, 2] 21 Am Jur 2d, Criminal Law § 107.
[2] 65 Am Jur 2d, Rape § 35.

PER CURIAM. On March 16, 1979, defendant was convicted by a jury of criminal sexual conduct in the second degree, contrary to MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant was sentenced to a term of 3 to 15 years imprisonment and now appeals by right.

The determinative issue in this appeal is whether the trial court was legally correct in instructing the jury that voluntary intoxication is not a defense to the crime of second-degree criminal sexual conduct. We hold that no error was committed.

It is the general rule that voluntary intoxication does not negate an accused's general intent which is necessary for the commission of certain crimes. Contrary to defendant's assertion, second-degree criminal sexual conduct is a crime which only requires a general intent. The relevant statutory provisions state:

"(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

"(a) That other person is under 13 years of age." MCL 750.520c(1)(a); MSA 28.788(3)(1)(a).

"Sexual contact" is defined in MCL 750.520a(g); MSA 28.788(1)(g), which provides as follows:

"* * * the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching *can reasonably be construed as being for the purpose of sexual arousal or gratification.*" (Emphasis added.)

The underlined portion reveals that defendant need not have specifically intended to perpetrate

the touching for the purpose of sexual arousal or gratification as long as such a purpose may be construed from this act of touching. Therefore, it must be concluded that only a general intent is required in order to perpetrate the crime of second-degree criminal sexual conduct.

Under the statute governing rape[1] prior to the enactment of the criminal sexual conduct act, *supra,* rape was not a specific intent crime and the defense of intoxication did not apply. *People v Taylor,* 73 Mich App 139, 143; 250 NW2d 570 (1977). Likewise, before its repeal, the offense of taking indecent liberties with a child under 16 years of age was to be held a general intent crime. *People v Zuniga,* 56 Mich App 231, 235; 223 NW2d 652 (1974).[2] It was because prior law did not adequately protect victims of sexual attack that the Michigan Legislature passed the criminal sexual conduct act. Note, *Criminal Law—Sexual Offenses —A Critical Analysis of Michigan's Criminal Sexual Conduct Act,* 25 Wayne L Rev, 203-204 (1976). If the purpose of the new statute was to more adequately protect victims of sexual molestation, it hardly follows that to the new statute a new element, *viz:* specific intent, would be added.

Since it is the general rule that an accused's general intent may not be negated by his voluntary intoxication, see generally 1 Gillespie, Michigan Criminal Law & Procedure (2d ed, 1979 rev), § 44, p 91, the trial court properly instructed the jury that voluntary intoxication was not a defense

---

[1] MCL 750.520; MSA 28.788 (now repealed).

[2] "[T]wo elements must be shown to sustain a conviction for taking indecent liberties. First, there must be an assault and second, the liberties taken must be of such a nature as the common sense of society would brand as indecent and improper. Assault is a general intent crime and, *therefore, a purposeful touching is all that is required.*" (Emphasis supplied.)

to the charge of second-degree criminal sexual conduct.

Affirmed.