PEOPLE v LASKY

Docket No. 88518. Submitted November 6, 1986, at Detroit. Decided
    January 20, 1987.

Joseph L. Lasky was convicted of assault with intent to commit
    second-degree criminal sexual conduct following a bench trial
    in St. Clair Circuit Court and was sentenced to three to five
    years in prison, Peter E. Deegan, J. Defendant appealed.

The Court of Appeals *held:*

1. Defendant's conviction of assault with intent to commit
second-degree criminal sexual conduct must be reversed be-
cause the evidence was insufficient to support a finding that
defendant specifically intended to injure the victim.

2. The trial court's findings adequately support a conviction
of fourth-degree criminal sexual conduct. The case is remanded
to the trial court for entry of a judgment of guilty of fourth-
degree criminal sexual conduct and for resentencing.

3. Defendant's argument that there was insufficient evidence
to support the trial court's finding that he was not intoxicated
and that he possessed the specific intent necessary for convic-
tion of assault with intent to commit second-degree criminal
sexual conduct need not be addressed since fourth-degree crimi-
nal sexual conduct is not a specific intent crime. Defendant is
therefore not entitled to use of a voluntary intoxication de-
fense.

Reversed and remanded.

1. RAPE — SECOND-DEGREE CRIMINAL SEXUAL CONDUCT — ASSAULT
    WITH INTENT TO COMMIT SECOND-DEGREE CRIMINAL SEXUAL
    CONDUCT.

The existence of one or more of the aggravating circumstances
    listed in the second-degree criminal sexual conduct statute
    must be established in addition to sexual contact in order to
    convict a defendant of second-degree criminal sexual conduct; a
    conviction of assault with intent to commit criminal sexual
    conduct in the second degree may occur without the existence

REFERENCES

Am Jur 2d, Rape §§ 4 *et seq.;* 20-26.
See the annotations in the Index to Annotations under Rape.

of any of the enumerated aggravating circumstances if it can be established that the accused intended to do some act which would have given rise to an aggravating circumstance (MCL 750.520c[1]; 750.520g[2]; MSA 28.788[3][1], 28.788[7][2]).

2. Rape — Fourth-Degree Criminal Sexual Conduct.

A defendant can be found guilty of criminal sexual conduct in the fourth degree if he engages in sexual contact with another person and force or coercion is used to accomplish the sexual contact; personal injury to the victim is not an element of fourth-degree criminal sexual conduct (MCL 750.520e[1][a]; MSA 28.788[5][1][a]).

3. Rape — Fourth-Degree Criminal Sexual Conduct — Intent.

Fourth-degree criminal sexual conduct is not a specific intent crime (MCL 750.520e; MSA 28.788[5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert H. Cleland,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Richard B. Ginsberg*), for defendant on appeal.

Before: Hood, P.J., and T. M. Burns and J. X. Theiler,* JJ.

Per Curiam. Following a bench trial, defendant was convicted of assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2). He was sentenced to three to five years in prison with 160 days credit for time served. Defendant now appeals as of right. We reverse his assault conviction.

### FACTS

The victim in this case was a thirteen-year-old girl. The victim testified that on December 7, 1984, she was babysitting for three children at the home

* Circuit judge, sitting on the Court of Appeals by assignment.

of Wendy Ross. Defendant was Ross' guest and was sleeping in her bedroom when Ross and a friend who shared the apartment left for the evening. Defendant awoke approximately twenty minutes later and he thereafter left the apartment for a short period of time. He came back with a bottle of wine, which he consumed. He then left for a second time and returned to the apartment at approximately 12:15 A.M.

The victim's direct and cross-examination testimony differed as to whether defendant appeared to be intoxicated upon his return to the apartment. According to defendant, he was intoxicated at that time. According to Wendy Ross, based on her contact with defendant when she returned later that night, she did not believe defendant had been drinking excessively.

The victim further testified that when defendant returned, the apartment was cold. The victim was wearing a winter coat and watching television. Defendant asked her whether she was cold. When she answered in the affirmative, he sat on her lap, stating, "Well, if I sit on your lap, maybe you will be warm." Although he complied with the victim's request to get up, after arising he stood before her and said, "Now you can sit on my lap." When the victim answered, "No, that's okay" and slid from the chair to the floor, defendant picked her up, placed her on his lap, and held her there. He asked if she was ticklish, placed his hand under her shirt, tickled her ribs and then touched one of her breasts. The victim escaped his grasp by slipping out of her coat, whereupon she returned to the floor. Her breast hurt. After she slid to the floor, defendant stayed in the chair and left her alone. Wendy Ross and her roommate returned approximately twenty minutes later. The victim reported the incident to them at that time.

After she was taken home, the victim's mother reported the incident to the police and took the victim to a hospital to be examined. The examining physician noted an area of redness on the victim's right breast which measured approximately one inch by one and one-half inches. He felt that the victim may have endured pain for up to one week as a result of the injury.

Defendant was thirty-nine years old at the time of trial. According to defendant, he was intoxicated at the time of the incident and did not recall touching the victim's breasts. He testified that he had been drinking heavily since October, 1984, following his mother's death. He had consumed a couple of fifths of whiskey earlier in the day. He also consumed the bottle of wine which he had brought back to the apartment, within a forty-five minute period of time. He left again to go to a bar where he spent a couple of hours and consumed about twenty drinks. Defendant's recollection of events following his return from the bar was sketchy. He did not recall sitting on the victim's lap, but did recall tickling her midsection while she was on his lap. He was unsure how she got on his lap. He was not certain whether he tickled her over or under her clothing. He recalled that the victim accused him of touching her beasts. He said he was sorry and she got off his lap. Although defendant did not specifically deny touching her breasts, he clearly indicated that he had no recollection of purposefully doing so.

At the end of trial, the trial court determined that defendant was not guilty of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), because the prosecution had not established beyond a reasonable doubt that the victim had suffered an injury. However, the court found

defendant guilty of assault with intent to commit second-degree criminal sexual conduct.

ANALYSIS

Defendant first argues that he was inappropriately convicted of assault with intent to commit second-degree criminal sexual conduct because the trial court failed to find that he specifically intended to injure the victim. Defendant also contends that the evidence was insufficient to support such a finding.

In finding that the prosecution had established every element of the offense of assault with intent to commit second-degree criminal sexual conduct, the trial court relied on the enumeration of the elements of that offense which appeared in *People v Snell*, 118 Mich App 750; 325 NW2d 563 (1982), lv den 417 Mich 1032 (1983). In *Snell*, this Court stated:

> Specifically, the elements of assault with intent to commit csc are as follows: (1) *There must be an assault.* (2) *There must be a sexual purpose.* When the act involves penetration, defendant must have intended an act involving some sexually improper intent or purpose. *When the act involves contact, defendant must have intended to do the act for the purpose of sexual arousal or sexual gratification.* (3) When the act involves penetration, the intended sexual act must have been one involving some actual entry of another person's genital or anal openings or some oral sexual act. *When the act involves contact, defendant must have specifically intended to touch the complainant's genital area, groin, inner thigh, buttock, breast, or clothing covering those areas, or defendant must have specifically intended to have the complainant touch such area on him.* (4) *There must be some aggravating circumstances, e.g.,* the use of force or

coercion. *An actual touching is not required.* When the act involves penetration, it is not necessary to show that the sexual act was started or completed. [118 Mich App 754-755. Emphasis added.]

Because the present case involves only allegations of sexual contact, as opposed to sexual penetration, we need only deal with the emphasized parts of this quote from the *Snell* opinion.[1] Defendant challenges the evidence and the trial court's findings in regard to the fourth element listed by the *Snell* Court. Defendant contends that the evidence failed to reveal the existence of any aggravating circumstance. We agree.

Various aggravating circumstances are listed in subdivisions (a) through (h) of MCL 750.520c(1); MSA 28.788(3)(1). The existence of one or more of these circumstances must be established in addition to sexual contact in order to convict a defendant of second-degree criminal sexual conduct. When the trial court found the defendant not guilty of second-degree criminal sexual conduct, it found that none of the aggravating circumstances existed.

However, we do not believe that an aggravating circumstance must actually exist in every case in order to convict an accused of "*assault* with intent to commit criminal sexual conduct in the second degree," as opposed to "criminal sexual conduct in the second degree." Depending upon the particular aggravating circumstances involved, it may be sufficient to establish that the accused *intended* to

[1] The distinguishing factor between first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2), and second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3), is whether the perpetrator engages in sexual penetration as opposed to sexual contact. Because defendant in this case was convicted of assault with intent to commit criminal sexual conduct in the second degree, MCL 750.520g(2); MSA 28.788(7)(2), we can ignore those portions of the *Snell* opinion referring to acts involving penetration.

do some act which would have given rise to an aggravating circumstance.

For example, under subdivision (f), the subdivision applicable in this case, an aggravating circumstance exists if the actor causes personal injury to the victim and force or coercion is used to accomplish the sexual contact. The fourth element of assault with intent to commit criminal sexual conduct in the second degree will be established if the actor intended to do an act which would have caused personal injury to the victim and the actor intended to use force or coercion to accomplish the sexual contact.

In this case, the trial court made no finding that defendant intended to do an act which would have caused personal injury to the victim. Furthermore, no such intent can be inferred from the circumstantial evidence presented at trial. Thus, defendant's conviction must be reversed.

However, the trial court's findings adequately support a conviction of fourth-degree criminal sexual conduct, MCL 750.520e; MSA 28.788(5). A defendant can be found guilty of criminal sexual conduct in the fourth degree if he engages in sexual contact with another person and force or coercion is used to accomplish a sexual contact. See MCL 750.520e(1)(a); MSA 28.788(5)(1)(a). Personal injury to the victim is not an element of fourth-degree criminal sexual conduct. We remand the case to the trial court for entry of a judgment of guilty of fourth-degree criminal sexual conduct and for resentencing. See *People v Guy Taylor,* 422 Mich 554, 569; 375 NW2d 1 (1985).

Defendant also argues, in regard to his assault conviction, that there was insufficient evidence to support the trial court's finding that he was not intoxicated and that he possessed the specific intent necessary for conviction. Defendant further

argues that the trial court's finding was clearly erroneous. MCR 2.613(C).

Because we have set aside his assault conviction, defendant's arguments need not be addressed. Fourth-degree criminal sexual conduct is not a specific intent crime and defendant is therefore not entitled to use of a voluntary intoxication defense. See, e.g., *People v Langworthy,* 416 Mich 630, 642-645, 652; 331 NW2d 171 (1982) (second-degree criminal sexual conduct is not a specific intent crime). Even if it were a specific intent crime, the trial court's finding was not clearly erroneous and the evidence was sufficient to sustain the conviction.

In conclusion, we reverse defendant's conviction of assault with intent to commit second-degree criminal sexual conduct and we remand to the trial court for entry of a judgment of guilty of fourth-degree criminal sexual conduct and for resentencing.