PEOPLE v PIPER

Docket No. 186133. Submitted October 9, 1996, at Lansing. Decided May 27, 1997, at 9:05 A.M.

Troy L. Piper was convicted by a jury in the Washtenaw Circuit Court, Kurtis T. Wilder, J., of second-degree criminal sexual conduct for engaging in sexual contact with a person under thirteen years of age. The defendant appealed.

The Court of Appeals *held*:

1. The statute under which the defendant was convicted, in defining "sexual contact" as the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed and therefore is not, under the constitution, void for vagueness.

2. The offense for which the defendant was convicted is a general intent crime, therefore, the defendant's specific intent is not an element of the crime.

3. The trial court correctly instructed the jury that it must determine from an objective perspective, and not that of the defendant, whether the sexual contact that occurred can reasonably be construed as being for a sexual purpose.

Affirmed.

RAPE — CRIMINAL SEXUAL CONDUCT — SECOND DEGREE — SEXUAL CONTACT.

The second-degree criminal sexual conduct statute does not confer on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed and therefore is not void for vagueness to the extent it defines the proscribed sexual contact as the intentional touching of the victim's or the actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or the actor's intimate parts where such intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification (MCL 750.520a[k], 750.520c[1]; MSA 28.788[1][k], 28.788[3][1]).

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *Brian L. Mackie*, Prosecuting Attorney, and *David A. King*, Senior Assistant Prosecuting Attorney, for the people.

*Michael J. Steinberg*, for the defendant on appeal.

Before: YOUNG, P.J., and MARKEY and D. A. TEEPLE*, JJ.

YOUNG, P.J. Defendant appeals as of right his jury trial conviction of second-degree criminal sexual conduct, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). The court sentenced defendant to a term of imprisonment of five to fifteen years. We affirm.

The evidence establishes that defendant and his wife began babysitting the complainant when she was nine years old. The complainant lived with her father, but spent many hours at defendant's home because of her father's heavy work schedule. The complainant shared meals with defendant's family and frequently spent the night at his home.

On July 25, 1994, the day of the assault, the complainant was twelve years old. She was sleeping in a chair at defendant's home. The complainant testified that defendant rubbed her vagina outside her shorts while she slept. She was awakened by defendant's touching, whereupon defendant kissed her forehead and stroked her thigh. The complainant further testified that defendant asked her whether she was angry and whether she would tell anyone what he had done. She answered yes to both questions. Defendant then kissed the complainant's hand and repeatedly begged

---

* Circuit judge, sitting on the Court of Appeals by assignment.

her not to tell anyone. The complainant ran from the defendant's house to her father's home. The father testified that he was asleep when his daughter returned home. He stated that, when she awakened him, she was hysterical and crying.

In contrast, defendant, in his testimony, denied that he had touched the victim in a sexual manner. Defendant explained that he had merely grabbed the complainant's legs to prevent her during her sleep from knocking a new fan off a nearby table.

Defendant's principal appellate claim is a constitutional challenge of the second-degree criminal sexual conduct statute, MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). Defendant argues that the statute is void for vagueness because it does not require that the jury resolve what the defendant intended when making physical contact with the complainant. Defendant also challenges the jury instructions with a related argument that the trial court's supplemental instruction confused the jury and failed to instruct it to determine defendant's purpose when touching the complainant. Neither the jury instruction nor the statute on which it was based, defendant argues, provided sufficient limitation on the jury's discretion to determine whether defendant touched the complainant for a sexual purpose.

Defendant properly preserved his challenge to the jury instruction, but failed to raise below or preserve his constitutional challenge. Although defendant failed to preserve his constitutional claim, we waive the preservation requirement because defendant has raised a constitutional issue of significance and first impression. *People v Hubbard (After Remand)*, 217 Mich App 459, 483; 552 NW2d 493 (1996).

I

DEFENDANT'S CONSTITUTIONAL CHALLENGES TO THE STATUTE

The challenged statute, MCL 750.520c; MSA 28.788 (3), provides in relevant part:

> (1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exist:
> (a) The other person is under 13 years of age.

Further, MCL 750.520a(k); MSA 28.788(1)(k) defines "sexual contact" as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification."

We review de novo questions involving the constitutionality of statutes. *People v White*, 212 Mich App 298, 304-305; 536 NW2d 876 (1995). Statutes are accorded a strong presumption of validity and constitutionality. *Hubbard, supra* at 483. Indeed, courts must construe statutes as constitutional absent a clear showing of unconstitutionality. *Id.* at 483-484.

A party may challenge a statute for vagueness on three grounds: (1) it does not provide fair notice of the conduct proscribed; (2) it confers on the trier of fact unstructured and unlimited discretion to determine whether an offense has been committed; or (3) its coverage is overly broad and impinges on First Amendment freedoms. *Id.* at 484. Defendant challenges the statute under the second ground, arguing that the statutory language allows a juror to conclude that the charged conduct was for a sexual purpose

from any person's perspective, including the complainant's, and that that statute's inherent vagueness permits a jury unstructured and unlimited discretion to determine whether the accused committed the offense. Defendant's constitutional argument is without merit.

To determine whether a statute is void for vagueness, a court examines the entire text of the statute and gives the statute's words their ordinary meanings. *People v Munn*, 198 Mich App 726, 727; 499 NW2d 459 (1993). We note at the outset that criminal sexual conduct is a general intent crime; a defendant's *specific* intent is not at issue. *People v Langworthy*, 416 Mich 630, 645, n 26; 331 NW2d 171 (1982); *People v Brewer*, 101 Mich App 194, 195-196; 300 NW2d 491 (1980).

This Court has discussed the predecessor of the statute at issue here, which statute used the same language under challenge here.[1] *People v Fisher*, 77 Mich App 6, 12-13; 257 NW2d 250 (1977). The *Fisher* panel noted that the Legislature rejected a proposed version of the statute that would have required proof that the defendant specifically acted with the purpose of deriving sexual gratification. *Id.* at 13, n 2. Instead, the statute, as adopted, required proof of an intentional touching, but not proof of the defendant's actual purpose for the intentional touching. *Id.* at 13. Consequently, *Fisher* ruled that a *defendant's* specific intent was not an element of the crime. *Id.*

The language of the current statute at issue here similarly requires proof that the defendant engaged in intentional touching of the complainant's intimate

---

[1] MCL 750.520a(g); MSA 28.788(1)(g).

parts or the clothing immediately covering that area. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), MCL 750.520a(k); MSA 28.788(1)(k). Thus, proof of intentional touching, alone, is insufficient to establish guilt. The statute further requires that the prosecution prove that the intentional touch could *"reasonably be construed* as being for [a] sexual purpose." MCL 750.520a(k); MSA 28.788(1)(k) (emphasis added). The statute's language is clear and its inclusion of a reasonable person standard provides a structure to guide the jury's determination of the purpose of the contact. See *People v Hayes*, 421 Mich 271, 286; 364 NW2d 635 (1984); Cf. *Hubbard, supra* at 486. Consequently, contrary to defendant's argument, a jury is properly limited to a determination whether the defined conduct, when viewed objectively, could reasonably be construed as being for a sexual purpose. Accordingly, we hold that the statute is not unconstitutionally vague.

Defendant makes a corollary constitutional argument that the statute shifts the burden of proof to the accused. This claim is without merit. As stated above, the statute requires that the prosecution establish an intentional contact that could reasonably be construed as being for a sexual purpose. As such, it does not shift the burden of proof.[2]

---

[2] Defendant relies upon *Mullaney v Wilbur*, 421 US 684; 95 S Ct 1881; 44 L Ed 2d 508 (1975), in support of this argument. Defendant's reliance is misplaced. In *Mullaney*, the challenged law specifically placed the burden on the defendant to establish by a preponderance of evidence that the killing was done in the heat of passion on sudden provocation in order to mitigate felonious homicide to manslaughter. The statute in this case places no burden on defendant. See *People v VanderVliet*, 444 Mich 52, 76; 508 NW2d 114 (1993).

## II

### DEFENDANT'S JURY INSTRUCTION CHALLENGE

Defendant also argues that the trial court inadequately instructed the jury. We disagree. This Court reviews jury instructions in their entirety to determine whether the trial court committed error requiring reversal. *People v Davis*, 199 Mich App 502, 515; 503 NW2d 457 (1993). Jury instructions must include all the elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them. *People v Reed*, 393 Mich 342, 349-350; 224 NW2d 867 (1975); *People v Harris*, 190 Mich App 652, 664; 476 NW2d 767 (1991). Jury instructions must be read as a whole rather than extracted piecemeal to establish error. *People v Dabish*, 181 Mich App 469, 478; 450 NW2d 44 (1989). Even if somewhat imperfect, instructions do not create error if they fairly presented the issues for trial and sufficiently protected the defendant's rights. *People v Wolford*, 189 Mich App 478, 481; 473 NW2d 767 (1991). Error does not result from the omission of an instruction if the charge as a whole covers the substance of the omitted instruction. *Harris, supra* at 664. A trial court need not give requested instructions that the facts do not warrant. *People v Dalton*, 155 Mich App 591, 599; 400 NW2d 689 (1986).

Defendant contends that the trial court confused the jury when responding to its request to explain the term "construed," the phrase "construed for sexual purposes," and by whose perspective the intent of the touching should be judged. Defendant argues that the trial court's instruction would allow the jury to find "sexual contact" occurred if the jury adopted any person's perspective regarding the sexual contact.

Implicit in defendant's argument is that asserted confusion surrounding the vagueness of the statute led to equally defective instructions. Indeed, defendant concludes that the jury's confusion resulted from instructions that did not direct it to resolve defendant's intent when he touched the complainant, and consequently, the jury may have found defendant guilty of criminal sexual conduct even if he had no sexual intent.

The trial court initially instructed the jury as follows:

> The Defendant is charged with the crime of Second Degree Criminal Sexual Conduct. To prove this charge, the Prosecutor must prove each of the following elements beyond a reasonable doubt.
>
> First, that the defendant intentionally touched [the victim's] genital area or the clothing covering that area.
>
> Second, that this was done for sexual purposes or could reasonably be construed as having been done for a sexual purpose.
>
> Third, that [the victim] was less than 13 years old at the time of the alleged act.

Defendant did not object to these initial instructions. However, following the initial jury charge and during the jury's deliberations, the jury posed the following question to the court: "Please [have the judge] explain in more detail the *second* element the prosecutor must prove. Specifically provide more explanation for the mean[ing] of the term 'construed' and the phrase 'construed for sexual purposes' and by whom." (Emphasis added.) In response, defendant requested that the jury be instructed that it had to find that defendant intended the contact for sexual gratification. The trial court rejected defendant's

request and gave the following supplemental instruction:

> The defendant is charged with Second Degree Criminal Sexual Conduct. To prove this charge the prosecutor must prove each of the following elements beyond a reasonable doubt. First, that the defendant intentionally touched [the victim's] genital area or the clothing covering that area. Second that this was done for sexual purposes or could reasonably be construded [sic] as having been done for sexual purposes. . . .
>
> With respect to your second question in order to find the defendant guilty of Criminal Sexual Conduct in the Second Degree, you must find beyond a reasonable doubt that there was sexual contact between the defendant and [the victim]. Thus, "construed" as used in my instruction to you means that you must find that the action or actions in question can reasonably be interpreted to have been for the purpose of sexual gratification under the circumstances as you find them to be.

As discussed above, the statute sets forth a "reasonable person" standard. Accordingly, the statutory language did not permit the court to instruct the jury, as defendant requested, to consider defendant's mens rea—that defendant specifically intended sexual gratification when he touched the complainant. Defendant's mens rea is not relevant to this general intent crime. See *Brewer, supra.* We conclude that the instructions, when viewed in their entirety, sufficiently protected defendant's rights and fairly presented the issues to be tried. *Wolford, supra.*

Affirmed.