# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

RANDY SCOTT GRANSDEN,

      Defendant-Appellant.

UNPUBLISHED
October 22, 2015

No. 321195
Midland Circuit Court
LC No. 13-005460-FH

Before: M. J. KELLY, P.J., and MURRAY and SHAPIRO, JJ.

PER CURIAM.

Defendant was charged with two counts of fourth-degree criminal sexual conduct, MCL 750.520e(1)(b) (force or coercion). A jury found him guilty of one count, but acquitted him of the second. We affirm.

This case arises from an incident that took place on May 28, 2013, at Bushey's Bar in Midland County. The complainant, Jean Zunich, testified that while she was sitting at the bar, defendant grabbed her hand and put it on his penis. She stated that she told him to stop, but did not jump up because she did not want her brother, who was also present at the bar, to fight defendant. Her brother testified that he heard his sister say "no" and jerk her hand back, but that he did not see her hand on defendant's penis. Zunich testified that later, either when Zunich went outside to smoke a cigarette or when she left the bar, defendant pulled her into him and grabbed the right cheek of her "bottom." Zunich testified that defendant's cousin asked if she enjoyed it, and when she said "no," he laughed. Zunich's brother testified that he saw defendant hug his sister, but did not see him grab her buttock.

Defendant argues defense counsel was ineffective for two reasons: first, because defendant did not testify on his own behalf, and second, because defense counsel did not object when the trial court applied the wrong standard of review when deciding defendant's motion for directed verdict.[1] We disagree.

---

[1] Defendant failed to preserve this issue in a motion for a new trial or an evidentiary hearing. See *People v Johnson*, 144 Mich App 125, 129; 373 NW2d 263 (1985). "However, the absence of a motion for new trial or an evidentiary hearing is not fatal to appellate review where the

-1-

Criminal defendants have a constitutional right to effective assistance of counsel. Const 1963, art 1, § 20; US Const, Am VI; *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Trachtenberg*, 493 Mich at 51, citing *People v Armstrong*, 490 Mich 281, 290; 806 NW2d 676 (2011). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Solmonson,* 261 Mich App 657, 663; 683 NW2d 761 (2004).

Defendant first argues that defense counsel was ineffective because defendant did not testify on his own behalf at trial. "A defendant's right to testify in his own defense arises from the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution." *People v Bonilla-Machado*, 489 Mich 412, 419; 803 NW2d 217 (2011). "Although counsel must advise a defendant of this right, the ultimate decision whether to testify at trial remains with the defendant." *Id*. If a defendant decides not to testify or acquiesces in defense counsel's decision that he not testify, the right to testify is deemed waived. *People v Simmons*, 140 Mich App 681, 684-685; 364 NW2d 783 (1985). Furthermore, "there is no requirement in Michigan that there be an on-the-record waiver of a defendant's right to testify," and the trial court has no duty to advise a defendant of the right or determine whether a waiver is knowingly and intelligently made. *People v Harris*, 190 Mich App 652, 661-662; 476 NW2d 767 (1992).

In this case, defense counsel asked the trial court to adjourn so that he could confer with defendant about whether defendant was going to testify. The following colloquy occurred when the proceedings resumed:

> *The court:* . . . [Defense counsel], you've had an opportunity to talk to your client with regards to his anticipation of testifying on his own behalf.
>
> What's your client's decision?
>
> *Defense counsel:* . . . We did take a break and I had an opportunity to discuss with my client his rights to testify in his own behalf, and equally his rights not to testify and that no one could comment on his refusal to testify.
>
> After discussing this matter with him at length, he has agreed arriving at his own independent decision that he will not testify. He will waive his right to testify and rather invoke his right not to testify in this matter, and we will be closing the proofs on behalf of the Defendant.
>
> *The court:* [Defendant], you heard what's been indicated by [defense counsel]; is that correct?
>
> *Defendant:* Yes.

---

details relating to the alleged deficiencies of the defendant's trial counsel are sufficiently contained in the record to permit this Court to reach and decide the issue." *Id*.

*The court:* And you, in fact, were informed and had an opportunity to decide whether you wanted to testify in your own behalf; is that correct?

*Defendant:* Yes.

*The court:* And is your decision after consultation with [defense counsel] that you will not testify in your behalf; is that correct?

*Defendant:* Yes.

Although the record is unclear as to whether defense counsel advised defendant to testify or not to testify, it is clear, based on this colloquy, that defendant expressly chose not to testify on his own behalf. Because defendant waived his right to testify, *Simmons*, 140 Mich App at 685, his argument that defense counsel was ineffective is without merit.

Defendant next argues that defense counsel was ineffective for failing to object when the trial court applied the standard of review for a motion for summary disposition under MCR 2.116(C)(10), instead of the standard of review applicable for reviewing a motion for a directed verdict as set forth in *People v Hampton*, 407 Mich 354; 285 NW2d 284 (1979). Although we agree that the trial court applied the wrong standard and that defense counsel should have objected, we conclude that there is not a reasonable probability that the error was outcome determinative. See *Trachtenberg*, 493 Mich at 51-52.

It is a well-established that "[c]ircumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime." *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993). "A defendant can be found guilty of criminal sexual conduct in the fourth degree if he engages in sexual contact with another person and force or coercion is used to accomplish a sexual contact." *People v Lasky*, 157 Mich App 265, 271; 403 NW2d 117 (1987); accord MCL 750.520e(1)(b). Sexual contact is defined as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose . . . ." MCL 750.520a(q). However, "proof of intentional touching, alone, is insufficient to establish guilt. The statute further requires that the prosecution prove that the intentional touch could *reasonably be construed* as being for [a] sexual purpose." *People v Piper*, 223 Mich App 642, 647; 567 NW2d 483 (1997), (internal quotation omitted) (emphasis and alteration by *Piper*). Whether "sexual contact" occurred is determined by objectively viewing the evidence and considering whether the touching could reasonably be construed as being for a sexual purpose. *Id.*

Viewing the evidence in a light most favorable to the prosecution, the testimony established that defendant grabbed Zunich's hand and placed it on his penis, defendant's cousin asked Zunich if she liked it, and defendant pulled Zunich into a hug and grabbed her right buttock. Thus, there was enough circumstantial evidence for the jury to conclude beyond a

reasonable doubt that such conduct was done with a sexual purpose. *Piper*, 223 Mich App at 647. Accordingly, there is not a reasonable probability that, but for the error, the outcome would have been different. See *Trachtenberg*, 493 Mich at 51.

Affirmed.


/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Douglas B. Shapiro