# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

KYLE ANDREW CASILLAS,

       Defendant-Appellant.

UNPUBLISHED
February 28, 2017

No. 330424
Kent Circuit Court
LC No. 14-009407-FH

Before: BORRELLO, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant, Kyle Andrew Casillas, appeals as of right from his jury trial conviction of fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e(1)(b). Defendant was sentenced to three months' in jail for the conviction. For the reasons set forth in this opinion, we affirm defendant's conviction and sentence.

## I. BACKGROUND

This appeal arises out of an incident that occurred on August 30, 2014. On that date, defendant and his roommates went to a local pub to "get to know one another better." After consuming alcohol and some members of the group smoking marijuana, they returned to the home approximately 2 hours later. A girlfriend of one of the roommates came to the home following the end of her work shift. After "hanging out" with members of the group for a while, the victim announced that she was going to bed and as she "hugged her boyfriend goodnight," defendant put his hand on the back of her knee, moving it up her leg and touched the outside of her vagina. Defendant admitted that he did so, but denied that he did so for a sexual purpose. Following his actions and being confronted by members of the group, defendant proceeded to engage in destructive activity at the house by throwing a microwave oven at the window and pouring liquid on a computer screen. He left the house and was apprehended by police later that evening at the home of his parents. Defendant was given a breathalyzer test which revealed he had a blood alcohol content of 0.238%.

Prior to trial, defendant challenged the definition of "sexual contact" in MCL 750.520a and its inclusion of the language "reasonably be construed as" because he believed that it diminished the requirement that the jury must find each element of the crime beyond a reasonable doubt. Defendant argued that allowing the jury to find that "sexual contact" occurred based upon a reasonable construction lowered the reasonable doubt standard. Defendant asked

-1-

the trial court to dismiss the CSC IV charge to the extent it relied on the "reasonably be construed" language, or in the alternative, submit instructions to the jury that omitted that language. The trial court, citing *Fisher*,[1] noted that CSC IV was a general intent crime. Therefore, the trial court stated that the only thing that the prosecutor must prove beyond a reasonable doubt is that defendant intentionally touched the victim's intimate parts using force or coercion. The trial court denied the motion, concluding that the statute was constitutional and that the model criminal jury instructions for the offense were appropriate.

The defense next moved the trial court to allow it to present testimony from Dr. Ben Kuslikis, a toxicology expert, at trial. Before trial, the prosecution filed a motion in limine to preclude the testimony. Defendant believed that the expert testimony would show that throughout the course of the evening, defendant behaved in a certain way and eventually breath-tested at 0.238%. Defendant submitted that his level of intoxication would explain his behavior, including the destruction of property. Without the testimony, defendant argued that the jury would be left to speculate as to why defendant acted a certain way. The trial court noted that none of the expert's testimony related to any of the elements of CSC IV. To the extent that defendant was intoxicated, the trial court stated that defendant could explore that area with lay witnesses. Citing MRE 403, the trial court concluded that even if the testimony was relevant, the proposed testimony would likely lead to the confusion of issues with regard to the effect of intoxication as an element of CSC IV. The trial court granted the prosecution's motion, and the testimony was excluded from trial.

The trial court submitted CSC IV and the lesser included offense of assault and battery to the jury. The jury found defendant guilty of CSC IV.

## II. ANALYSIS

On appeal, defendant argues that the trial court erred by refusing to dismiss the CSC IV charge or give an alternate jury instruction, when the "reasonably be construed" language of the charged statute unconstitutionally dilutes the requirement that each element be proven beyond a reasonable doubt. This Court reviews "de novo questions involving the constitutionality of statutes." *People v Piper*, 223 Mich App 642, 645; 567 NW2d 483 (1997). "Statutes are accorded a strong presumption of validity and constitutionality." *Id*. This Court "must construe statutes as constitutional absent a clear showing of unconstitutionality." *Id*.

MCL 750.520e(1)(b) states that "[a] person is guilty of criminal sexual conduct in the fourth degree if he or she engaged in sexual contact with another person and . . . "[f]orce or coercion is used to accomplish the sexual contact." "Sexual contact" is defined as

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being

---

[1] *People v Fisher*, 77 Mich App 6; 257 NW2d 250 (1977).

for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

(*i*) Revenge.

(*ii*) To inflict humiliation.

(*iii*) Out of anger.  [MCL 750.520a(q)].

To determine "whether [the] touching could be reasonably construed as being for a sexual purpose, the conduct should be 'viewed objectively' under a 'reasonable person standard.' " *People v Deleon*, __ Mich __; __ NW3d __ (2016) (Docket No. 329031); slip op at 3 (quotation marks and citation omitted).

Defendant asserts on appeal that it is well settled law to be convicted of CSC IV, the jury had to find that he actually had a sexual purpose when he touched the victim.  However, CSC IV is a general intent crime.  *People v Russell*, 266 Mich App 307, 315; 703 NW2d 107 (2005).  Thus, "defendant's *specific* intent is not at issue.  *Piper*, 233 Mich App at 646.  As a result, MCL 750.520a(q) properly "requires that the prosecution prove that the intentional touch could *reasonably be construed* as being for [a] sexual purpose" beyond a reasonable doubt.  *Piper*, 233 Mich App at 647 (quotation marks and citation omitted).

In *Piper*, this Court was faced with determining whether MCL 750.520c(1)(a) was void for vagueness because it does not require that the jury resolve what the defendant intended when making physical contact with the complainant.  Defendant also challenged the jury instructions with a related argument that the trial court's supplemental instruction confused the jury and failed to instruct it to determine defendant's purpose when touching the complainant.

In affirming the constitutionality of the statute at issue this Court held:

> The language of the current statute at issue here similarly requires proof that the defendant engaged in intentional touching of the complainant's intimate parts or the clothing immediately covering that area.  MCL 750.520c(1)(a); MSA 28.788(3)(1)(a), MCL 750.520a(k); MSA 28.788(1)(k).  Thus, proof of intentional touching, alone, is insufficient to establish guilt.  The statute further requires that the prosecution prove that the intentional touch could "*reasonably be construed as* being for [a] sexual purpose."  MCL 750.520a(k); MSA 28.788(1)(k) (emphasis added).  The statute's language is clear and its inclusion of a reasonable person standard provides a structure to guide the jury's determination of the purpose of the contact.  See *People v Hayes*, 421 Mich 271, 286; 364 NW2d 635 (1984); Cf *Hubbard*, *supra* at 486.  Consequently, contrary to defendant's argument, a jury is properly limited to a determination whether the defined conduct, when viewed objectively, could reasonably be construed as being for a sexual purpose.  Accordingly, we hold that the statute is not unconstitutionally vague. *Id.* At 646-647.

We find the reasoning from *Piper* persuasive.  In this case, defendant seemingly conflates the issue of proof beyond a reasonable doubt with the elements of the offense.  MCL

750.520e(1)(b) requires an intentional touching with the further proof that the touching " . . . can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose . . . ." Nothing in the plain language of the statute negates that the jury must find the elements of the offense "beyond a reasonable doubt." Additionally, we note that the CSC IV statute does not violate a defendant's right to due process primarily for the reason that criminal sexual conduct is a general intent crime; consequently, proof of the defendant's specific intention is not an element of the offense. Furthermore, this Court has reviewed and upheld the constitutionality of the "reasonably be construed" language in MCL 750.520a(q) on several occasions. *Id*. at 649; *People v Brewer*, 101 Mich App 194, 195; 300 NW2d 491 (1980); *People v Fisher*, 77 Mich App 6, 13; 257 NW2d 250 (1977). Based on the foregoing, the trial court did not err by refusing to dismiss the CSC IV charge. In addition, the trial court's jury instructions based on the language of MCL 750.520e(1)(b) and 750.520a(q) were proper.

Next, defendant argues on appeal that the circuit court abused its discretion by excluding testimony from a toxicology expert. This Court reviews a "trial court's decision to admit expert testimony. . . for an abuse of discretion." *People v Ackerman*, 257 Mich App 434, 442; 669 NW2d 818 (2003). An abuse of discretion occurs "when the court chooses an outcome that falls outside the range of principled outcomes." *People v Douglas*, 496 Mich 557, 565; 852 NW2d 587 (2014) (quotation marks and citation omitted).

MRE 702 states:

[i]f the court determines that scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise if (1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

However, MRE 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In Michigan,

(1) Except as provided in subsection (2), it is not a defense to any crime that the defendant was, at that time, under the influence of or impaired by a voluntarily and knowingly consumed alcoholic liquor, drug, including a controlled substance, other substance or compound, or combination of alcoholic liquor, drug, or other substance or compound.

(2) It is an affirmative defense to a specific intent crime, for which the defendant has the burden of proof by a preponderance of the evidence, that he or she voluntarily consumed a legally obtained and properly used medication or other

-4-

substance and did not know and reasonably should not have known that he or she would become intoxicated or impaired.  [MCL 768.37 (1) and (2).]

As discussed above, CSC IV is a general intent crime.  *Piper*, 223 Mich App at 650.  As a result, voluntary intoxication is not a defense to CSC IV.  *People v Henry*, 239 Mich App 140, 144; 607 NW3d 767 (1999).

In this case the trial court concluded that the proposed expert testimony by the toxicology expert did not pertain to any elements of CSC IV and that defendant's intoxication could be explored with the lay witnesses who testified at trial.  To the extent that the testimony was relevant, the trial court found that any relevance would be substantially outweighed by the danger of unfair prejudice, the presumption that the prosecution likewise had to have an expert, confusion of the issues with regard to the effect of intoxication as an element of CSC IV, misleading the jury, or at best, needlessly presenting cumulative evidence.  Considering that voluntary intoxication is not a defense to CSC IV, and the fact that defendant's intoxication as well as the intoxication of the other involved parties was thoroughly explored at trial, this Court cannot find that the trial court chose an outcome that fell outside the range of principled outcomes.  *Henry*, 239 Mich App at 144.  As a result, the trial court did not abuse its discretion by excluding expert testimony by a toxicologist at trial.

Affirmed.

/s/ Stephen L. Borrello
/s/ Jane E. Markey
/s/ Michael J. Kelly

-5-