*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CORTEZ DEANDRE-LAMARR MCSWAIN,

        Defendant-Appellant.

UNPUBLISHED
August 1, 2024

No. 368367
Kent Circuit Court
LC No. 23-009738-FH

Before: CAMERON, P.J., and M. J. KELLY and YATES, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the trial court's order denying his motion to quash the bindover on the charge of carrying a concealed weapon, MCL 750.227(2). We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant was a passenger in a vehicle that was stopped because officers believed it contained firearms. They found two handguns under the front passenger seat—which defendant admitted belonged to him. Defendant was arrested because he was not licensed to carry a firearm. He was charged with carrying a concealed weapon pursuant to MCL 750.227(2), which states it is a felony to carry a firearm in a motor vehicle without a concealed pistol license (CPL).

Defendant moved to dismiss the charge, arguing that the permit requirement of MCL 750.227 violated the Second and Fourteenth Amendments of the United States Constitution as articulated by *New York State Rifle & Pistol Assoc, Inc v Bruen*, 597 US 1; 142 S Ct 2111; 213 L Ed 2d 387 (2022). The district court denied the motion and defendant was bound over bound

---

[1] *People v McSwain*, unpublished order of the Court of Appeals, entered February 28, 2024 (Docket No. 368367).

defendant over on the charge. Defendant then moved the circuit court to quash the bindover and for dismissal, but the circuit court denied the motion. This appeal followed.

## II. PERMIT REQUIREMENT

Defendant maintains that the circuit court should have granted his motion because the permit requirement of MCL 750.227 violates the Second and Fourteenth Amendments of the United States Constitution. We disagree.

## A. STANDARD OF REVIEW

This Court reviews de novo questions involving the constitutionality of a statute. *People v Piper*, 223 Mich App 642, 645; 567 NW2d 483 (1997). Statutes are presumed constitutional. *Id*. The party challenging the constitutionality of a statute bears the burden of proving the statute's invalidity. *Id*.

## B. LAW AND ANALYSIS

Defendant was charged with violating MCL 750.227(2), which provides:

> A person shall not carry a pistol concealed on or about his or her person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person, except in his or her dwelling house, place of business, or on other land possessed by the person, without a license to carry the pistol as provided by law and if licensed, shall not carry the pistol in a place or manner inconsistent with any restrictions upon such license.

In *People v Langston*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 367270), slip op at 2, this Court recently addressed the exact issue in this case—specifically, whether the permit requirement of MCL 750.227 "was an unconstitutional violation of [the] right to bear arms." Like this case, the *Langston* defendant was arrested and charged under MCL 750.227(2) after police discovered a firearm in her purse during a traffic stop. *Id*. at 1. The defendant moved to dismiss, citing the United States Supreme Court's decision in *Bruen*, 597 US at 70-71, which explained that certain concealed-carry laws run afoul of the Second Amendment's right to bear arms and the Fourteenth Amendment's due-process clause. *Langston*, ___ Mich App at ___; slip op at 2. This Court distinguished Michigan's statutory scheme from the one in *Bruen*, concluding "the requirement of MCL 750.227 that a person must possess a valid CPL in order to carry a pistol in an automobile does not violate the Second Amendment." *Langston*, ___ Mich App at ___; slip op at 3. We further held that Michigan's "shall-issue statutory scheme requiring a concealed pistol license does not inherently violate the Second and Fourteenth Amendments to the United States Constitution." *Id*. at ___; slip op at 5.

Defendant's appeal is entirely focused on his belief that the permit requirement of MCL 750.227 violates the Second and Fourteenth Amendments. But, we are bound by *Langston*'s holding to the contrary. MCR 7.215(J)(1) ("A panel of the Court of Appeals must follow the rule

of law established by a prior published decision of the Court of Appeals issued on or after November 1, 1990[.]").  Defendant's argument is therefore meritless.[2]

Affirmed.

/s/ Thomas C. Cameron
/s/ Michael J. Kelly
/s/ Christopher P. Yates

---

[2] We recognize the *Langston* defendant-appellant's application for leave to appeal to our Supreme Court is still pending.  But:

> A published opinion of the Court of Appeals has precedential effect under the rule of stare decisis. The filing of an application for leave to appeal in the Supreme Court or a Supreme Court order granting leave to appeal does not diminish the precedential effect of a published opinion of the Court of Appeals.  [MCR 7.215(C)(2).]

As such, *Langston* remains binding precedent.