PEOPLE v MITCHELL

Docket No. 60372. Submitted December 16, 1982, at Lansing.—Decided May 4, 1983.

David A. Mitchell pled guilty in Oakland Circuit Court, John N. O'Brien, J., to charges of armed robbery, felony-firearm, and breaking and entering an occupied dwelling with intent to commit larceny. He appeals, raising several issues. *Held:*

1. The trial court did not advise Mitchell that he has the right to be presumed innocent until proven guilty. This failure entitles defendant to a reversal of his convictions.

2. The trial court established a sufficient factual basis for defendant's felony-firearm conviction.

3. The trial court did not err in denying defendant's motion to quash the felony-firearm information on the ground that defendant could not have been convicted on the charge as an aider and abettor.

4. The trial court established a sufficient factual basis to support defendant's armed robbery conviction.

5. The court rule which requires a trial court to advise a defendant as to the names of the offenses to which he is pleading guilty was complied with sufficiently enough to satisfy the rule.

6. The trial court adequately apprised the defendant of his right to remain silent.

7. Defendant's contention that the trial court failed to ask

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 473.

Construction and application of Rule 11(c) of Federal Rules of Criminal Procedure, as amended in 1975, requiring court to give certain advice to defendant before accepting plea of guilty or nolo contendere. 41 ALR Fed 874.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[2] 21 Am Jur 2d, Criminal Law § 167.

[3] 21 Am Jur 2d, Criminal Law § 489.

[4] 21A Am Jur 2d, Criminal Law § 936 *et seq.*

[5, 6] 5 Am Jur 2d, Appeal and Error § 867.

20 Am Jur 2d, Courts §§ 84, 85.

him, as required by court rule, whether he was threatened and that this failure requires reversal is rejected.

8. Failure of a trial court to ask the prosecutor and defense counsel whether the court had complied with the court rules governing the taking of an understanding, voluntary, and accurate guilty plea does not require reversal of a defendant's conviction.

Reversed and remanded.

1. CRIMINAL LAW — GUILTY PLEAS — COURT RULES — APPRISAL OF
   RIGHTS — PRESUMPTION OF INNOCENCE.

   The right to be presumed innocent until proven guilty beyond a reasonable doubt is at the core of our criminal process and fundamental to a defendant's understanding of a trial, and a failure of the judge to advise the defendant of that right in taking a plea of guilty requires reversal of the conviction (GCR 1963, 785.7[1][g][iii]).

2. CRIMINAL LAW — AIDING AND ABETTING — POSSESSION.

   To convict a defendant of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained (MCL 750.227b, 767.39; MSA 28.424[2], 28.979).

3. CRIMINAL LAW — GUILTY PLEAS — INFERENCES.

   A factual basis for acceptance of a plea of guilty exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant.

4. CRIMINAL LAW — RIGHT TO REMAIN SILENT — APPRISAL OF RIGHT.

   A defendant is adequately apprised of his right to remain silent where the trial court speaks to the defendant, conveying the message that the defendant may choose whether or not to testify.

5. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

   Whether a particular departure from the requirements of the court rule concerning pleas of guilty justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance (GCR 1963, 785.7).

6. CRIMINAL LAW — GUILTY PLEAS — COURT RULES.

   Failure of a trial court to ask the prosecutor and defense counsel whether the court had complied with the court rules governing

the taking of an understanding, voluntary, and accurate guilty plea is not the sort of noncompliance with a court rule that requires reversal of a defendant's conviction (GCR 1963, 785.7[4][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Richard H. Browne,* Assistant Prosecuting Attorney, for the people.

*Adrian B. Spinks,* for defendant on appeal.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and P. J. MARUTIAK,* JJ.

PER CURIAM. Defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797, felony-firearm, MCL 750.227b; MSA 28.424(2), and breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He appeals by right.

Defendant raises eight issues on appeal, one of which requires reversal.

The record reveals that the trial court did not advise the defendant that he has the right to be presumed innocent until proven guilty. Defendant argues that this failure entitles him to reversal. We agree. GCR 1963, 785.7(1)(g)(iii) requires the trial court to advise the defendant as to the presumption of innocence. In *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975), the Supreme Court reversed defendant Howell's conviction because he was not advised of this right. The Court explained:

"That right [to be presumed innocent until proven guilty] is at the core of our criminal process and funda-

* Circuit judge, sitting on the Court of Appeals by assignment.

mental to [the] defendant's understanding of a trial." *Guilty Plea Cases, supra,* p 125.

In *People v Lawrence,* 413 Mich 866; 317 NW2d 856 (1982), the Court reversed the defendant's convictions "because he was not advised of the presumption of innocence". Accordingly, defendant's convictions are reversed.

We consider defendant's remaining allegations of error.

First, defendant contends that the trial court did not establish a sufficient factual basis for his felony-firearm conviction. Defendant was convicted of felony-firearm on an aiding and abetting theory. In *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), the Supreme Court said:

"To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained. See *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971); *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969)."

A factual basis exists for a plea if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant. *Guilty Plea Cases, supra,* p 130. At the plea-taking hearing, the defendant said:

"A friend of mine—me and a friend of mine thought it up, we went over to the friend's house because they had a gun. So we picked him up and we went over there and parked two blocks away and he went up and robbed the place, and then ran back."

From these facts a reasonable juror could infer that the defendant aided and counselled in the procurement of the gun. We conclude a factual basis was established for defendant's felony-firearm conviction.

Second, defendant contends that the trial court erred in failing to grant his motion to quash the felony-firearm information on the ground that he could not have been convicted on this charge as an aider and abettor. We have just decided, however, that defendant could have been so convicted on his plea of guilty. The trial court, therefore, did not err in denying defendant's motion to quash.

Third, defendant contends that the trial court failed to establish a factual basis for armed robbery. Our review of the record indicates, however, that the defendant testified to facts from which a jury could reasonably conclude that defendant was guilty of this offense.

Fourth, defendant maintains that the trial court failed to advise him as to the names of the offenses to which he was pleading guilty as required by GCR 1963, 785.7(1)(a). At the plea-taking hearing the defendant's lawyer placed on the record the names of the offenses. The court then asked the defendant: "Is it your desire to plead guilty to these three specific charges they [the lawyers] have referred to?" We find that this satisfies the court rule.

Fifth, defendant argues that the trial court did not advise him of his right to remain silent as required by GCR 1963, 785.7(1)(g)(viii). Failure to so advise a defendant requires reversal. *Guilty Plea Cases, supra,* pp 120-121. The trial court advised the defendant:

"You know there was a time when a defendant didn't

have a right to testify, but at this point in our law you do have a right to testify if you'd like. But if a person decides they'd rather not testify nobody can make a comment about that or draw a bad inference from the fact they decided not to testify. Do you understand that?"

The defendant was not told in explicit terms that he had the "right to remain silent". But an "imprecise recital" of the right is not fatal. *Guilty Plea Cases, supra,* p 122. The trial court's language conveys the idea that the defendant may choose whether or not to testify. We find that this is an adequate apprisal of the defendant's right to remain silent.

Sixth, the defendant contends that the trial court's failure to ask him whether he was threatened as required by GCR 1963, 785.7(2)(c)(ii) mandates reversal. The trial court did determine that defendant pled guilty voluntarily and such a determination need not be made "in any particular manner". *Guilty Plea Cases, supra,* p 126. Thus, we reject defendant's contention.

Finally, defendant avers that the trial court's failure to ask the prosecutor and defense counsel whether it had complied with GCR 1963, 785.7, subds (1)-(3), as required by GCR 1963, 785.7(4)(a), entitles him to reversal. In *Guilty Plea Cases, supra,* p 113, the Supreme Court announced that strict compliance with the court rule governing the acceptance of guilty pleas is not required. Whether a departure from the rule requires reversal or a remand depends "on the nature of the noncompliance". 395 Mich 113. We do not believe that a failure to comply with GCR 1963, 785.7(4)(a) is the sort of noncompliance that warrants reversal. As a panel of this Court said in *People v Love,* 76 Mich App 379, 383; 256 NW2d 602 (1977): "No

substantial right of the defendant is involved in such [a] requirement."

Reversed and remanded for proceedings consistent with this opinion.