PEOPLE v BYRD

Docket No. 86146. Submitted February 5, 1986, at Lansing.—Decided
March 3, 1986.

Defendant, Jerry M. Byrd, was convicted in the Jackson Circuit
Court of resisting or opposing a police officer in the lawful
discharge of his duties. The conviction was entered by the trial
court, Robert Crary, Jr., J., following his acceptance of the
defendant's nolo contendere plea. Defendant was sentenced to
two months in the county jail. Defendant appeals. *Held:*

1. The trial court's failure to personally recite on the record
why the plea of nolo contendere was appropriate is not the type
of noncompliance with GCR 1963, 785.7, now MCR 6.101(F),
which warrants reversal. The reason had already been placed
on the record by defendant's counsel. While it is necessary that
the reasons for the nolo plea be stated on the record, it is not
necessary that the reasons be recited by the court. Defendant
has no fundamental right as to who states the reasons. The
transcript indicates that the trial judge knew that the court's
acceptance of the plea must be based on a valid reason and
that the court accepted and approved the reasons recited by
defense counsel.

2. The trial court's reliance on the preliminary examination
transcript of the defendant's codefendant to establish the facts
supporting the plea was not erroneous under the circumstances
of this case.

Affirmed.

1. CRIMINAL LAW — APPEAL — COURT RULES — GUILTY PLEAS —
NOLO CONTENDERE PLEAS.

Noncompliance with the court rule governing pleas of guilty and

REFERENCES

Am Jur 2d, Appeal and Error §§ 897 *et seq.*

Am Jur 2d, Criminal Law §§ 443 *et seq.*

Construction and application of Rule 11(c) of Federal Rules of
Criminal Procedure, as amended 1975, requiring court to give
certain advice to defendant before accepting plea of guilty or nolo
contendere. 41 ALR Fed 874.

See also the annotations in the ALR3d/4th Quick Index under
Appeal and Error; Guilty Plea.

pleas of nolo contendere may, but does not necessarily, require reversal; whether a particular departure from the rule justifies or requires reversal or remand for additional proceedings will depend on the nature of the noncompliance; where no substantial right of the defendant is involved, reversal or remand is not necessary (MCR 6.101[F]).

2. CRIMINAL LAW — NOLO CONTENDERE PLEAS — COURT RULES.

It is necessary that the reasons why a plea of nolo contendere is deemed to be appropriate be stated on the record; however, it is not necessary that the reasons be recited by the trial court (MCR 6.101[F][3][b][i]).

3. CRIMINAL LAW — NOLO CONTENDERE PLEAS — COURT RULES.

The use of a preliminary examination transcript as the source of factual support for a plea of nolo contendere is well established and has been consistently recognized by the Court of Appeals (MCR 6.101[F][3][b][ii]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Brian E. Thiede,* Chief Appellate Attorney, for the people.

*Lester O. Pollak,* for defendant on appeal.

Before: ALLEN, P.J., and HOOD and R. C. LIVO,* JJ.

ALLEN, P.J. In this action involving an otherwise satisfactory plea of nolo contendere two questions are presented: Is there sufficient compliance with MCR 6.101(F)(3)(b) where (1) a statement is made on the record by defense counsel, rather than by the court, of why the plea of nolo contendere is made, and (2) the trial court relies on a codefendant's preliminary examination transcript to establish the factual basis for the offense to which the defendant pleads? That rule reads:

"If the defendant pleads nolo contendere, the court

---

* Circuit judge, sitting on the Court of Appeals by assignment.

shall not question him or her about his or her participation in the crime. *The court shall:*

(i) *state why a plea of nolo contendere is appropriate;* and

(ii) conduct a hearing, *unless there has been one,* that establishes support for a finding that the defendant is guilty of the offense charged or the offense to which the defendant is pleading." (Emphasis added.)

On April 24, 1985, defendant pled nolo contendere to the charge of resisting or opposing a police officer in the lawful discharge of his duties, MCL 750.479; MSA 28.747. The plea was given pursuant to a plea bargain under which the people would dismiss a supplemental information charging defendant as a second-felony offender. At the plea-taking proceeding, defendant and Wendell Jacobs, Jr., his attorney, stated on the record that a plea agreement had been worked out under which defendant would plead no contest and the prosecution would dismiss the supplemental information. The trial judge then proceeded to detail to the defendant the litany of rights required under MCR 6.101(F)(1) and (2). The record then reflects the following discussion as to subsection (F)(3) and (4):

*"The Court:* The court rules further require Mr. Jerry Byrd that you tell me—no, not to this one. This is a plea of nolo contendere. And I—I don't require you to state anything because the purpose of a nolo contendere plea is that you do not have to make any statement further.

"Now, gentlemen, in support of a plea of nolo contendere, may I make reference to the transcript at the preliminary examination?

*"Mr. Dinkleman [Assistant Prosecutor]:* Yes, sir, if the Court wishes.

*"Mr. Jacobs:* Yes, your honor. We have no objection to that. And for the record I would note that the reasons for the nolo contendere plea are the possibili-

ties of civil liability herein from this incident and therefore we do not wish to make any admissions that could be used.

"*Mr. Dinkleman:* I should indicate by the way that I believe the transcript will cover this defendant. However, the hearing was only held with respect to the codefendant Sandra Byrd.

"*The Court:* I see. Is there any objection if I use that there?

"*Mr. Jacobs:* There is no objection.

"*The Court:* All right. I have read enough of the transcript to believe that there is a factual basis and I do determine at this time that there is support for the plea of nolo contendere and that you did commit the offense charged.

"And now Mr. Jacobs, in your judgment has the court complied with Michigan Court Rule 6.101?

"*Mr. Jacobs:* The court has your honor.

"*The Court:* Mr. Prosecutor, in your judgment has the court complied with Michigan Court Rule 6.101?

"*Mr. Dinkleman:* Yes, your honor."

The court then accepted the plea and ordered a presentence report prepared. On June 6, 1985, defendant was sentenced to a term of two months in the county jail. He appeals as of right raising two issues.

Defendant first argues that because the trial judge himself made no statement on the record as to why a plea of nolo contendere was appropriate the conviction must be reversed. According to defendant, exact compliance with subsection (F)(3)(b)(i) is required. We disagree. As was stated by the Supreme Court in *Guilty Plea Cases,* 395 Mich 96, 113; 235 NW2d 132 (1975), noncompliance with GCR 1963, 785.7, now MCR 6.101(F), governing pleas of guilty and pleas of nolo contendere "may but does not necessarily require reversal. Whether a particular departure from Rule 785.7 justifies or requires reversal or remand for

additional proceedings will depend on the nature of the noncompliance." *People v Mitchell,* 125 Mich App 475, 480; 336 NW2d 31 (1983). Where "no substantial right of the defendant is involved", reversal or remand is not necessary. *People v Love,* 76 Mich App 379, 383; 256 NW2d 602 (1977); *Mitchell,* p 480.

We do not believe that in the instant case the trial court's failure to personally recite on the record why the plea of nolo contendere was appropriate is the type of noncompliance which warrants reversal. The reason had already been placed on the record by defendant's counsel. While we believe that it is necessary that reasons for a nolo plea be stated on the record, it is not necessary that the reasons be recited by the court. Defendant has no "fundamental right" as to who states the reasons. It is obvious from the transcript that the trial judge knew that the court's acceptance of the plea must be based on a valid reason and that the court accepted and approved the reasons recited by defense counsel.

The identical issue was recently raised in *People v Johnson,* 150 Mich App 568; — NW2d — (1986). There, as in the instant case, defense counsel stated the reasons why a no contest plea was being offered. This Court rejected defendant's claim that the failure of the trial judge to himself place the reasons on the record was grounds for remand.

"The fact that the trial court did not reiterate defense counsel's statement of why the plea was appropriate does not require remand in this case since it is clear from the record that the trial court believed the plea was appropriate because defendant had been drinking at the time of the incident and because of the possibility of future civil litigation resulting from the offense. Both are recognized grounds for acceptance of a nolo

contendere plea. *People v Stevens,* 138 Mich App 438, 440; 360 NW2d 216 (1984)." 150 Mich App 570–571.

It is next argued that the trial court's reliance on the codefendant's preliminary examination transcript to establish the factual basis was error. Neither party cites authority in support of or against this practice and the issue is clearly one of first impression. As appears from the transcript, it was by stipulation of the parties that the preliminary examination transcript of the codefendant was utilized to establish the facts supporting the plea.

The use of preliminary examination transcripts as the source of factual support for a plea of nolo contendere is well established. *People v Chilton,* 394 Mich 34; 228 NW2d 210 (1975). That procedure has consistently been recognized by this Court. *People v Booth,* 86 Mich App 646, 649; 273 NW2d 510 (1978), *rev'd on other grounds* 414 Mich 343; 324 NW2d 741 (1982), *reh den* 414 Mich 1112 (1982).

In the instant case a preliminary examination was conducted only in regard to defendant's codefendant. The codefendant was defendant's mother who together with defendant resisted a police officer while the officer was enforcing a child custody order. The preliminary examination transcript describes a single set of events in which defendant and his mother each participated. Given these circumstances, we can see no possible prejudice to defendant in the use of the codefendant's preliminary examination transcript. In our opinion, the preliminary examination fits within the language and meaning of subsection (F)(3)(b)(ii) of the rule.

Affirmed.