# STATE OF MICHIGAN

# COURT OF APPEALS

---

In re OCTAVIO SANCHEZ BAEZ, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

OCTAVIO SANCHEZ BAEZ,

        Respondent-Appellant.

UNPUBLISHED
July 17, 2018

No. 336973
Wayne Circuit Court
Family Division
LC No. 16-522826-DL

---

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Respondent appeals the trial court's dispositional order referring him to Wayne County Children & Family Services for placement and care. Respondent was adjudicated pursuant to his plea of no contest to one count of fourth-degree criminal sexual conduct, MCL 750.520e(1). We affirm.

## I. PERTINENT FACTS

This case arises from an incident in November 2016. Respondent, 13 years old at the time, was at a playground around 5:00 p.m. when he approached another 13-year-old boy, "punched" him in the genitals, and grabbed the boy on the buttock. A few moments later, respondent chased a nine-year-old boy, pushed him to the ground, and grabbed the boy on the buttock. This incident resulted in a delinquency petition charging respondent with two counts of fourth-degree criminal sexual conduct, MCL 750.520e(1) (force or coercion). This was the second delinquency petition alleging criminal sexual conduct filed against respondent within five months. In June 2016, petitioner charged respondent with second-degree sexual conduct involving a six-year-old girl. MCL 750.520c(1)(a). The trial court authorized both petitions.

At the request of the trial court, a licensed psychologist with the Clinic for Child Study performed a psychological evaluation to determine respondent's competency to proceed. The evaluation revealed, among other things, that respondent had been diagnosed with Autism Spectrum Disorder, had a history of academic and behavioral issues, was receiving special education services and counseling, that his intellectual capacity was assessed to be in the low

-1-

average range, and that he exhibited impulsivity and inattentiveness. Despite his limitations, the examiner opined that he was competent to proceed, concluding, among other findings, that "he has the capacity to understand the nature of the charges against him, the basic legal process related to the adjudication, and has both the willingness and the ability to assist in his defense."[1]

At the pretrial hearing, respondent's counsel stipulated to respondent's competency and the trial court admitted the competency evaluation without objection. Counsel and the prosecutor then informed the court that they had reached a plea agreement, wherein petitioner agreed to dismiss the first petition alleging second-degree criminal sexual conduct in addition to the one count of fourth-degree criminal sexual conduct contained in the second petition if respondent entered a plea to one count of fourth-degree criminal sexual conduct, MCL 750.520e(1). The prosecutor and respondent's counsel agreed that the plea would be a no-contest plea. After satisfying itself that the plea was "knowingly, understanding, and voluntarily made," the trial court accepted respondent's plea of no contest, MCR 3.941(A). Pursuant to the agreement, the court dismissed the first petition and one count of fourth-degree criminal sexual conduct contained in the second petition, and it entered an order adjudicating respondent a delinquent pursuant to his plea, MCL 712A.2(a)(1).

During the plea taking procedure, the court substantially complied with MCR 3.941, the court rule governing pleas of admission or of no contest in juvenile proceedings. As required under MCR 3.941(C)(1), which ensures that the plea is understanding, the court advised respondent of, and confirmed that he understood, the charges against him, the possible dispositions, as well as the litany of trial rights enumerated in the court rule that he would be giving up if the court accepted the plea. As required under MCR 3.941(C)(2), which ensures that the plea is voluntary, the court confirmed that no one promised respondent anything beyond the plea bargain or forced or threatened him to enter a plea. As required under MCR 3.941(C)(3), which ensures that the plea is accurate, the court established the factual basis for respondent's plea of no contest with the "JC01 police report," which indicated that, on November 6, 2016, at approximately 5:00 p.m., respondent was at an elementary school playground when "he approached the victim . . . and punched him in the genitals and also grabbed his buttock," and found that these facts were sufficient to establish fourth-degree criminal sexual conduct, MCL 750.520e(1). Further, as required under MCR 3.941(C)(4), the court confirmed with respondent's adoptive mother (who was his biological grandmother) that there was no reason the court should not accept the plea. The court also confirmed with respondent that he had enough time to talk to his attorney and was satisfied with his services.

At the subsequent dispositional hearing, the trial court admitted and considered a second psychological evaluation performed by the Clinic for Child Study to aid in the dispositional decision. The evaluation recommended Level 1 (in-home) probation, participation in a program for juvenile sexual offenders, a medication review, individual counseling in conjunction with family therapy, special education services, and an adult-sponsored social activity. The trial court

---

[1] Apparently, a "criminal responsibility" evaluation was also performed, which defense counsel received, but it was not admitted at the plea hearing or included in the lower court record.

expressed concern with this recommendation, specifically whether Level 1 (in-home probation) was appropriate considering respondent's pattern of behavior indicated that his prognosis in the community was "not very good." Given this, the trial court also questioned whether the amount of oversight under Level 1 was intense enough. Despite the Clinic's recommendation, the court ordered Level 2 out-of-home placement with the recommended services and referred respondent to Wayne County Children & Family Services for placement and care.

Respondent filed a motion with this Court seeking remand to permit him to withdraw his plea and/or for a *Ginther*[2] hearing regarding the ineffective assistance of counsel, which was denied. *In re Octavio Sanchez Baez*, unpublished order of the Court of Appeals, issued June 27, 2017 (Docket No. 336973). He now appeals raising essentially the same issues.

## II. IMPROPER PLEA

Respondent first argues that this Court should vacate his plea of no contest or remand to allow him to withdraw his plea because (1) the trial court failed to ascertain why a plea of no contest was appropriate in this case as required under MCR 3.941(C), (2) the factual basis supporting respondent's plea was insufficient because the police report provided no evidence that he engaged in the requisite "sexual contact" necessary to establish fourth-degree criminal sexual conduct, and (3) there was no evidence that respondent understood the nature of the offense in violation of his right to due process. We disagree.

## A. STANDARD OF REVIEW

Respondent did not move to withdraw his plea in the trial court or raise these arguments before the trial court. Thus, his arguments relating to the plea taking procedure and that his plea was not understandingly made are not preserved. MCR 3.941(D). See *In re Zelzack*, 180 Mich App 117, 126; 446 NW2d 588 (1989). Additionally, this Court denied respondent's motion to remand.

We review claims of unpreserved error for plain error that affected substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id.* at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error 'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence." *Id.* at 763-764, quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993).

Further, the "[i]nterpretation of court rules presents a question of law that [this Court] review[s] de novo." *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016) (citation

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

omitted).  We also review issues of constitutional law de novo.  *In re Carey*, 241 Mich App 222, 226; 615 NW2d 742 (2000).

## B.  NO-CONTEST PLEA

Respondent first argues that this Court should vacate his plea or remand to permit him to withdraw his plea because the trial court failed to state why a plea of no contest was appropriate as required under MCR 3.941(C)(3)(b).  We disagree.

Respondent is correct that neither the trial court, nor petitioner or defense counsel, stated on the record why respondent's no-contest plea was appropriate as required by MCR 3.941(C)(3)(b).[3]  Accordingly, an error occurred and, in light of the clear mandate of the court rule, the error was plain, i.e., clear or obvious.  *People v Vaughn*, 491 Mich 642, 664-665; 821 NW2d 288 (2012); *Carines*, 460 Mich at 763.  However, while we believe it was necessary under MCR 3.941(C)(3)(b) that the reasons for a no-contest plea be stated on the record, see *People v Byrd*, 150 Mich App 624, 628; 389 NW2d 710 (1986), we will not consider a plain, unpreserved error for the first time on appeal " 'unless the error could have been decisive of the outcome or unless it falls under the category of cases, . . . where prejudice is presumed or reversal is automatic.' "  *Vaughn*, 491 Mich at 666, quoting *People v Grant*, 445 Mich 535, 553; 520 NW2d 123 (1994); *Carines*, 460 Mich at 763 (the plain error must affect substantial rights).  Here, contrary to respondent's argument, the nature of the court's noncompliance with MCR 3.941(C)(3), in and of itself, does not warrant automatic remand to permit withdrawal of the plea because the court's obligation to state why the no-contest plea was appropriate is not one of the protected rights warranting automatic reversal of a plea.  See *People v Plumaj*, 284 Mich App 645, 649-650; 773 NW2d 763 (2009), citing *People v Saffold*, 465 Mich 268, 281; 631 NW2d 320 (2001).

Although some statement of why respondent's plea of no contest was appropriate is required under MCR 3.941(C)(3)(b), respondent has not established how the failure to do so undermined the accuracy of the plea.  The court cannot accept a plea unless it is accurate, voluntary, and understanding.  MCR 3.941(A).  Respondent does not identify how he was prejudiced by the plea, nor does he supply this Court with any reason or argument why the

---

[3] MCR 3.941(C)(3) provides:

> The court may not accept a plea of admission or of no contest without establishing support for a finding that the juvenile committed the offense:
>
> (a) either by questioning the juvenile or by other means when the plea is a plea of admission, or
>
> (b) by means other than questioning the juvenile when the juvenile pleads no contest. *The court shall also state why a plea of no contest is appropriate.* [Emphasis added.]

court's acceptance of his no-contest plea was unjustified. Further, the record supports that there was an appropriate reason for the plea of no contest. In fact, all parties agreed that the basis for the plea was the submission of the JC01 police report. Our Courts have recognized that a no-contest plea is generally allowed to avoid forcing the accused to make an admission in order to minimize civil liability, or where he is reluctant to relate details due to the nature of the offense, e.g., sexual assault. *In re Guilty Plea Cases*, 395 Mich 96, 133-134; 235 NW2d 132 (1975); *People v Hill*, 86 Mich App 706, 713-715; 273 NW2d 532 (1979). These reasons exist here to justify acceptance of respondent's no-contest plea. Respondent has not established any likelihood that the trial court improperly accepted his plea because respondent failed to make any claim that the reason for his plea of no contest was not justified. Thus, respondent has failed to state why the plea was not appropriate, and he cannot establish that the trial court's lack of compliance with MCR 3.941(C)(3)(b) was decisive of the outcome. *Vaughn*, 491 Mich at 666; *Carines*, 460 Mich at 763. On this record, respondent has not established how the court's plain error affected his substantial rights, and thus, he has forfeited this unpreserved claim of error. *Carines*, 460 Mich at 763-764.

## C. INADEQUATE FACTUAL BASIS

Respondent next argues that this Court should vacate his plea or remand to permit him to withdraw his plea because the factual basis of the plea was insufficient to establish that he committed the offense of fourth-degree criminal sexual conduct, MCL 750.520e(1). We disagree.

Initially, we reject petitioner's argument that respondent waived appellate review of his challenge to the sufficiency of the factual basis of the plea. Petitioner points to *In re Tiemann*, 297 Mich App 250, 265; 823 NW2d 440 (2012) in support of his argument, but we believe this case is distinguishable. While respondent's counsel did not challenge the factual basis for the plea or bring a motion to withdraw his plea before the trial court, unlike in *Tiemann*, counsel did not affirmatively express his satisfaction with the factual basis for the plea (although he did affirmatively indicate satisfaction with the advice of rights). It is the intentional relinquishment of a known right that constitutes a waiver that extinguishes an error. *Vaughn*, 491 Mich at 663 (citations omitted). Nevertheless, because this issue is unpreserved, our review is limited to plain error that affected respondent's substantial rights. *Carines*, 460 Mich at 763-764.[4]

---

[4] Petitioner also directs this Court to *People v Baham*, 321 Mich App 228, 235; 909 NW2d 836 (2017), to support the argument that a motion to withdraw a plea is a prerequisite for challenging the accuracy of the plea, and thus, in the absence of such a motion, direct substantive review is precluded under MCR 6.310(D). However, MCR 6.310(D) provides the procedure for withdrawing a plea in a criminal case. This case is a juvenile proceeding in the family division of the circuit court, which is governed by MCR 3.901-3.950 and 3.991-3.993. MCR 3.901(A)(2) specifically provides, "Other Michigan Court Rules apply to juvenile cases in the family division of the circuit court only when this subchapter specifically provides." MCR 3.941(D) governs a plea withdrawal in juvenile proceedings and does not reference MCR 6.310(D). Thus, MCR

Respondent has failed to demonstrate plain error with respect to the sufficiency of the factual basis of his plea. He argues that the police report used to form the factual basis for his plea did not establish the requisite "sexual contact" necessary to find that he committed the offense of fourth-degree criminal sexual conduct, MCL 750.520e(1). Under MCR 3.941(C)(3), the trial court "may not accept a plea of admission or of no contest without establishing support for a finding that the juvenile committed the offense[.]" Where, as in this case, a juvenile pleads no contest, the court must establish factual support for the plea by means other than questioning the juvenile. MCR 3.941(C)(3)(b). "A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference." *Guilty Plea Cases*, 395 Mich at 130; *People v Fonville*, 291 Mich App 363, 377; 804 NW2d 878 (2011) (citations omitted).

Respondent was adjudicated, by his plea of no contest, for the offense of fourth-degree criminal sexual conduct under MCL 750.520e(1), which provides, in pertinent part:

> (1) A person is guilty of criminal sexual conduct in the fourth degree if he or she engages in sexual contact with another person and if any of the following circumstances exist:

> * * *

> (b) Force or coercion is used to accomplish the sexual contact. Force or coercion includes, but is not limited to, the following circumstances:

> (*i*) When the actor overcomes the victim through the actual application of physical force or physical violence.

> * * *

> (*v*) When the actor achieves the sexual contact through concealment or by the element of surprise.

"Sexual contact" is statutorily defined under MCL 750.520a(q) as:

> "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner for:

> (*i*) Revenge.

---

6.310(D) does not apply here. Instead, MCR 3.941(D) applies, which provides that "[a]fter the court accepts the plea, the court has discretion to allow the juvenile to withdraw a plea."

(*ii*) To inflict humiliation.

(*iii*) Out of anger.

The statute "requires proof that the defendant engaged in intentional touching of the complainant's intimate parts or the clothing immediately covering that area." *People v Piper*, 223 Mich App 642, 646-647; 567 NW2d 483 (1997). However, "proof of intentional touching, alone, is insufficient to establish guilt." *Id.* at 647. "The statute further requires that the prosecution prove that the intentional touch could '*reasonably be construed* as being for [a] sexual purpose.'" *Id.* (emphasis in original). The conduct is evaluated under a reasonable person standard and does not require that the defendant "specifically intended sexual gratification when he touched the complainant." *Id.* at 650. Under the statute, "sexual contact" exists where the conduct, viewed objectively, "could reasonably be construed as being for a sexual purpose." *Id.* at 647.[5]

At the plea hearing, the trial court, without objection, relied on the "JC01 police report," which the court found established that respondent forcefully touched the victim on the genitals and buttock sufficient to establish fourth-degree criminal sexual conduct. The report indicated that on November 6, 2016, at approximately 5:00 p.m., respondent was on an elementary school playground when he approached the victim and punched him in the genitals and then grabbed his buttock. Respondent asserts that these facts do not establish that his conduct was done for the purpose of sexual arousal or gratification, for a sexual purpose, or in a sexual manner. MCL 750.520a(q). However, a reasonable person, viewing these facts objectively, could reasonably infer that the touching was intentional—respondent approached and initiated contact with the victim on the playground and "punched" him in the genitals and then grabbed the victim's buttock—and done for sexual arousal or gratification, for a sexual purpose, or in a sexual manner (both contacts with the victim involved intimate parts of his body and resulted from respondent's initiation of contact with him).[6] *Guilty Plea Cases*, 395 Mich at 129-132; *Fonville*, 291 Mich App at 377-379; *Piper*, 223 Mich App at 646-647. And, even if an exculpatory inference could also be drawn from respondent's intentional touching of the victim, because an inculpatory inference can be reasonably drawn from the police report, there exists a sufficient factual basis to establish that respondent engaged in "sexual contact" with the victim as required under MCL 750.520e(1). *Guilty Plea Cases*, 395 Mich at 129-132; *Fonville*, 291 Mich App at 377-379. We

---

[5] In *Piper*, this Court construed a prior version of the definition of "sexual contact" then located at MCL 750.520a(k), which defined sexual contact as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification." MCL 750.520a was amended in 2001 to its current version to include intentional touching done for sexual arousal or gratification, for a sexual purpose, or in a sexual manner for revenge, to inflict humiliation, or out of anger. 2000 PA 505, eff March 28, 2001; MCL 750.520a(q).

[6] "Intimate parts" is statutorily defined as including "the primary genital area, groin, inner thigh, buttock, or breast of a human being." MCL 750.520a(f).

further find that the circumstances support a finding that the sexual contact was accomplished by force or coercion. MCL 750.520e(1)(b). From the facts, which indicate that respondent approached the victim on a playground and "punched" the victim in the genitals and grabbed his buttock, it could be reasonably inferred that respondent accomplished the sexual contact by overcoming the victim with the "actual application of physical force or violence[]" or through the "element of surprise." MCL 750.520e(1)(b)(*i*),(*v*).

Because the police report contained a sufficient factual basis from which the trial court could reasonably conclude that respondent committed fourth-degree criminal sexual conduct, MCL 750.520e(1)(b), the plea was accurate and he is not entitled to vacation of the plea or remand to permit him to withdraw the plea. MCR 3.941(A); MCR 3.941(C)(3)(b). Respondent has not shown error, let alone plain error affecting his substantial rights, regarding the sufficiency of the factual basis for his plea. *Carines*, 460 Mich at 763.

## D.  UNDERSTANDING PLEA

Respondent finally argues that this Court should vacate his plea or remand to allow him to withdraw his plea because there was "no evidence" that he understood the nature of the charges against him in violation of his right to due process. We disagree.

"A plea that is not voluntary and understanding 'violates the state and federal Due Process Clauses.' " *Blanton*, 317 Mich App at 119, quoting *People v Brown*, 492 Mich 684, 694; 822 NW2d 208 (2012), citing US Const Ams V and XIV, and Const 1963, art 1, § 17. In accord with this due process requirement, MCR 3.941(A) prohibits the trial court from accepting "a plea to an offense unless the court is satisfied that the plea is accurate, voluntary, and understanding." To ensure that the plea is understandingly made, MCR 3.941(C) mandates that the trial court tell the juvenile the name of the offense charged, the possible dispositions, and that if the plea is accepted, the juvenile will not have a trial and will be giving up his trial rights. MCR 3.941(C)(1)(a)-(c). This Court has also recognized that, because the requirements of the court rule " 'are premised on the requirements of constitutional due process,' a trial court may, in certain circumstances, be required to inform a defendant about facts not explicitly required by" the rule. *Blanton*, 317 Mich App 119, quoting *People v Cole*, 491 Mich 324, 332; 817 NW2d 497 (2012).

Before accepting respondent's plea, the trial court fully complied with the requirements under MCR 3.941(C)(1) to ensure that the plea was understandingly made. The trial court advised respondent of the name of the charges against him, the possible dispositions, and each of the enumerated trial rights that he would be giving up if the plea was accepted, and confirmed that he understood the advice. The trial court also confirmed respondent's understanding of the plea agreement and set forth a factual basis for the plea, MCR 3.941(C)(3), and confirmed that the plea was voluntarily made, MCR 3.941(C)(2). Respondent asserts that, in light of his emotional issues and intellectual limitations, the trial court should have provided additional explanation regarding the nature of the criminal sexual conduct charge to assure that he understood the difference between a mere assault and battery and the sexual contact necessary to establish criminal sexual conduct.

However, such explanation is not required under the court rule governing juvenile pleas, MCR 3.941(C)(1). And, while due process may necessitate that the trial court provide further explanation or advice beyond the court rule's requirements to ensure that the plea is understandingly made, *Blanton*, 317 Mich App at 119, it is not clear or obvious on this record that respondent lacked understanding of the nature of the criminal sexual conduct offense with which he was charged. To the contrary, the court had the benefit of the competency evaluation, which indicated that respondent understood the charge in relation to his conduct despite his limitations. Notably, the evaluation concluded that, although respondent's "intellectual capacity was assessed to be in the Low Average Range," he "has the capacity to understand the nature of the charges against him" and "the basic legal process related to the adjudication"; he "presented with a clear understanding of his actions related to the charge" and "understood the gravity of the charge"; and he "presented with a fundamental understanding of the . . . possible outcomes of [the] proceedings[.]" Additionally, the report indicated that the psychologist explained the offense of criminal sexual conduct to respondent, after which respondent stated that criminal sexual conduct means "doing something wrong to somebody like touching where you shouldn't," indicating that he was aware that the offense involved more than a "mere assault and battery." This is clearly contrary to respondent's argument. Further, although the trial court did not explicitly find on the record that respondent's touching was done for sexual gratification, for a sexual purpose, or in a sexual manner, it reasonably follows from the court's findings that the contact was for a sexual purpose or in a sexual manner. MCL 750.520a(q); *Piper*, 223 Mich at 646-647.

On this record, it is not clear or obvious that respondent did not understand the nature of criminal sexual conduct. Therefore, respondent has not shown that the court plainly erred in failing to provide additional explanation regarding the nature of the charge before accepting his plea. *Carines*, 460 Mich at 763. Moreover, respondent does not point to any evidence indicating that he actually did lack understanding of the nature of the charges at the time of the plea sufficient to demonstrate that some further explanation of the charges by the trial court could have changed the outcome of the plea proceedings. *Id.* On this record, respondent failed to establish plain error that affected his substantial rights.[7] *Id.*

We conclude that respondent is not entitled to vacation of his plea or remand to permit him to withdraw his plea on the basis that the trial court improperly accepted his plea. Respondent has not shown that his unpreserved claims of error involving the plea taking procedure amounted to plain, outcome determinative error.

---

[7] We note that respondent cites *State v ANJ*, 168 Wash 2d 91; 225 P 3d 956 (2010), to support his argument. While this case is instructive on the issue, cases from other jurisdictions are not precedentially binding on this Court. *Auto Owners Ins Co v Seils*, 310 Mich App 132, 147 n 5; 871 NW2d 530 (2015).

### III.  INEFFECTIVE ASSISTANCE OF COUNSEL

Respondent raises several claims of ineffective assistance of counsel regarding defense counsel's alleged deficient performance in failing to investigate or challenge the competency evaluation.  He further argues that his counsel rendered ineffective assistance in failing to advocate for in-home placement at the dispositional hearing.  He requests remand for a *Ginther* hearing on the issue of ineffective assistance of counsel.  However, on the record before us, respondent has not demonstrated a claim of ineffective assistance or the need for an evidentiary hearing.

### A.  STANDARD OF REVIEW

Respondent did not raise his claim of ineffective assistance of counsel before the trial court, and thus, this issue is not preserved for our review.  *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012) (citations omitted).  Further, this Court previously denied respondent's motion for remand for a *Ginther* hearing concerning the alleged ineffectiveness of his counsel. Accordingly, respondent's claim of ineffective assistance is not preserved and this Court's review is limited to mistakes apparent on the existing record.  *Id.*

"Generally, whether a defendant had the effective assistance of counsel 'is a mixed question of fact and constitutional law.' "  *Id.*, quoting *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).  "This Court reviews findings of fact for clear error and questions of law de novo."  *Heft*, 299 Mich App at 80.  "A criminal defendant has the fundamental right to effective assistance of counsel."  *Id.*, citing US Const, Am VI; Const 1963, art 1, § 20. "However, it is the defendant's burden to prove that counsel did not provide effective assistance."  *Heft*, 299 Mich App at 80.  "To prove that defense counsel was not effective, the defendant must show that (1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant."  *Heft*, 299 Mich App at 80-81; see also *People v Pickens,* 446 Mich 298, 302-303, 521 NW2d 797 (1994).  "The defendant was prejudiced if, but for defense counsel's errors, the result of the proceeding would have been different."  *Heft*, 299 Mich App at 81, citing *Pickens,* 446 Mich at 312.  "To establish ineffective assistance in the context of a guilty plea, courts must determine whether the defendant tendered a plea voluntarily and understandingly."  *People v Thew*, 201 Mich App 78, 89; 506 NW2d 547 (1993) (citation omitted).

### B.  COMPETENCY DETERMINATION

Respondent first claims that his counsel was ineffective because he failed to investigate or challenge the sufficiency of the competency evaluation.  We disagree.

"[J]uveniles have a due process right not to be subjected to the adjudicative phase of juvenile proceedings while incompetent[.]"  *Carey*, 241 Mich App at 226.  Under the statutory scheme for determining competency in juvenile adjudications, "[a] juvenile 10 years of age or older is presumed competent to proceed unless the issue of competency is raised by a party." MCL 712A.18n(1).  A "juvenile," a person under age 17 who is the subject of a delinquency petition, is "incompetent to proceed" if "based on age-appropriate norms, [he] lacks a reasonable

degree of rational and factual understanding of the proceeding or is unable to" "[c]onsult with and assist his or her attorney in preparing his or her defense in a meaningful manner[]" or "[s]ufficiently understand the charges against him or her." MCL 712A.1(1)(h) & (i). A trial court, as here, may order a competency evaluation directed to developing information relevant to a determination of the juvenile's competency to proceed in a court proceeding, which must be conducted by a "qualified juvenile forensic mental health examiner" who will provide the court with an opinion whether the juvenile is competent to proceed. MCL 712A.1(1)(b); MCL 712A.18o(1); MCL 712A.18n(2). The statutory scheme sets forth specific requirements of the competency evaluation, several of which respondent alleges defense counsel failed to challenge or investigate in violation of his right to the effective assistance of counsel.

First, respondent asserts that his counsel was ineffective because he failed to ensure that the examiner received and examined respondent's school records, medical records, psychiatric records, and child protective services records as required under MCL 712A.18p(2). We disagree.

Regarding respondent's school records, the evaluation indicates that the examiner did, in fact, receive and examine those records, and thus, respondent has not shown how he was prejudiced by defense counsel's alleged failure to ensure that the examiner received and examined his school records. *Heft*, 299 Mich App at 80-81. The report specifically states that the examiner received "a set of transcripts and discipline referral notices from Beacon Day Treatment School," and specifically refers to school records, including respondent's latest report card, his "IEPC," and a progress report indicating that he has received warnings for insubordination and that a teacher found him pushing and hitting another student. Respondent does not assert that the school records, referred to in the evaluation, were incomplete or lacking in any respect. This claim of ineffective assistance fails.

Regarding any medical or psychiatric records, the report suggests that there most likely existed medical records and, possibly psychiatric records, that might have been relevant to the competency evaluation that defense counsel should have provided to the examiner under MCL 712A.18p(2). However, it is also evident that the examiner considered respondent's emotional and intellectual limitations in evaluating his competency[8] and, moreover, respondent did not present medical or psychiatric records to support his claim, nor did he assert how such records might have otherwise impacted the competency evaluation. Respondent carries the burden to prove his claim of ineffective assistance of counsel, *Heft*, 299 Mich App at 80, and he has not shown that counsel's alleged failure to ensure that the examiner received the records prejudiced the outcome of the proceedings. Likewise, while the evaluation suggests that child protective

---

[8] The examiner performed an assessment of respondent's intelligence, as required under MCL 712A.18p(5)(b)(*iii*), which assessed him in the "Low Average Range" of intellectual functioning, recognized that he has been diagnosed with "Autism Spectrum Disorder," identified behavioral issues, participated in a special education program, and indicated that he receives counseling and takes medications for sleep, dizziness, and restlessness, which significantly improved his behavioral issues.

services records likely existed, respondent again failed to present any records or assert how the records would have created any doubt regarding his competency to proceed. Respondent has not shown that defense counsel's alleged failure to ensure that the examiner received medical, psychiatric, or child protective services records prejudiced the proceedings. Therefore, his claim of ineffective assistance on this ground fails.

Respondent next asserts that his counsel was ineffective for failing to challenge whether the examiner was a "qualified juvenile forensic mental health examiner" as required under MCL 712A.18o(1). We disagree.

Respondent correctly asserts that counsel did not question whether the examiner was qualified pursuant to the statutory requirements before stipulating to respondent's competency. However, respondent does not assert or present any offer of proof that the examiner was not a "qualified forensic mental health examiner" within the meaning of the statute, nor is it evident from the record that the examiner was not qualified. To the contrary, the report indicates that the competency evaluation was performed by Amorie Robinson, Ph.D., a licensed psychologist of the Clinic for Child Study, who assessed respondent using the Juvenile Adjudicative Competency Interview and considered the appropriate factors outlined in MCL 712A.18p, which governs juvenile competency evaluations. Thus, respondent has not shown that he was prejudiced by counsel's failure to inquire on the record regarding the examiner's qualifications and this claim of ineffectiveness fails.

Respondent next asserts that his counsel was ineffective because he failed to challenge the examiner's lack of compliance with MCL 712A.18p(5)(b)(*ii*), which requires that the report shall contain an assessment of respondent's current medications on his mental state and behavior. We disagree. The competency report indicates that the examiner did comply with the statutory requirement by considering his current medications prescribed for "sleep, dizziness (vertigo), and restlessness[]" and that the medications have positively impacted his mental state and behavior. Respondent does not assert otherwise. As such, this claim is not supported by the record.

Respondent next asserts that his counsel's performance was deficient because he failed to generally challenge or investigate the competency evaluation's assessment of respondent's ability to "both factually and rationally understand the nature and object of the proceedings and his ability to extend thinking into the future and to render meaningful assistance to his attorney in the preparation of the case" as required under MCL 712A.18p(5)(c)(*i*). We disagree. It is evident from the report that the examiner thoroughly considered these factors in assessing respondent's competency. Further, respondent does not assert why, or provide any factual support indicating that, the examiner's assessment of these factors was somehow incorrect or improper. Therefore, he cannot establish a reasonable probability that counsel's failure to challenge or further investigate these factors would have impacted the outcome of the competency determination. Again, respondent has failed to satisfy his burden to prove his claim of ineffective assistance.

Respondent next argues that his counsel was ineffective because he failed to investigate whether he suffered from any mental illness that could have affected his competency to proceed. We disagree.

-12-

MCL 712A.18p(5)(b)(*ii*) provides that the clinical assessment must include "[t]he diagnosis and functional impact of mental illness, developmental disability, or cognitive impairment." The examiner in this case identified respondent's diagnosis of Autism Spectrum Disorder and his intellectual and emotional limitations but did not indicate a mental illness. Although a court-ordered neurology evaluation performed in June 2017 indicates that respondent may possibly be suffering from a mental illness, this was several months after the August 2016 court-ordered competency evaluation and the November 2016 adjudication. At the time of the adjudication, respondent's counsel had the benefit of the competency evaluation, indicating that, despite respondent's emotional and intellectual limitations, he was competent to proceed. Notably, the competency evaluation indicated that respondent denied any past hospitalizations for mental health reasons, episodes of suicidal or homicidal ideation, and any past or current experiences of hallucinations or delusions (and none were observed). Further, there is nothing indicating that respondent's conduct at the plea proceeding raised any concern regarding his competence. To the contrary, it is apparent that he answered the trial court's questions in an appropriate manner and indicated his understanding during the plea taking proceeding. There is no sign respondent suffered from a mental illness that impaired his competency at the time of the plea-taking proceeding. Therefore, respondent has not shown that defense counsel's alleged failure to investigate the possibility of a mental illness fell below an objective standard of reasonableness.

Moreover, respondent sets forth no offer of proof that the possibility of a mental illness impaired his competency to proceed at the time of the adjudication. Thus, respondent has also failed to establish a reasonable probability that the outcome of these proceedings were prejudiced by counsel's lack of investigation into the possibility of a mental illness. *Heft*, 299 Mich App at 80-81. Again, respondent has failed to satisfy his burden of establishing his claim of ineffective assistance.

## C. FAILURE TO ADVOCATE FOR IN-HOME PLACEMENT

Respondent finally argues that his counsel was ineffective because he failed to advocate at the dispositional hearing for an in-home placement. We disagree. While respondent's counsel certainly could have argued more vehemently for in-home placement, respondent cannot establish a reasonable probability that, but for his failure to do so, the result of the proceeding would have been different.

Under MCL 712A.18(1), the trial court may enter an order of disposition "appropriate for the welfare of the juvenile and society . . . ." Here, even though the Clinic for Child Study recommended in-home placement, and the prosecutor expressed support of the Clinic's recommendations, the trial court articulated its belief that in-home placement would not provide enough oversight or intensity of services and ordered out-of-home placement for respondent. On this record, respondent has not shown a reasonable probability that defense counsel's failure to offer additional argument for in-home placement would have resulted in a different disposition.

We conclude that respondent has not established a claim of ineffective assistance of counsel or that remand for *Ginther* hearing is warranted to further pursue his claims.

Affirmed.

/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell